## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

**REGINALD JAMES JULIEN**                    **DOCKET NO. 6:23-cv-00594**
                                                          **SECTION P**

**VERSUS**                                            **JUDGE DAVID C. JOSEPH**

**KAPLAN CITY POLICE, ET AL**            **MAGISTRATE JUDGE AYO**

## <u>MEMORANDUM ORDER</u>

Before the Court are the original and amended civil rights complaints, (Rec.
Docs. 1, 4, 8, 9, 10), filed pursuant to 42 U.S.C. § 1983 by plaintiff Reginald James
Julien, who is proceeding *pro se* and *in forma pauperis* in this matter.  Also before
this Court is a Motion to Quash filed by Plaintiff.  (Rec. Doc. 11).

Plaintiff is an inmate in the custody of the Louisiana Department of
Corrections and is currently incarcerated at the Vermilion Parish Jail in Abbeville,
Louisiana.

### I.      BACKGROUND

Plaintiff's civil rights complaint stems from a March 1, 2023, incident during
which three Kaplan Police Department officers, Terry Krout, Patrick Doucet and
Kendal Primeaux, along with more than 20 other unknown officers, entered his
home with no warrant and arrested him.  He also alleges that during the arrest
officers injured his Achilles tendon, wrecked his home, and killed his family dog.
The arrest was allegedly a result of an accusation that Plaintiff had sold drugs to a

friend/associate named Oris Doucet.  He also claims that Judge Laurie Hulin, presiding judge in the criminal matter, has shown racial bias against him.

Plaintiff asks this Court to provide relief in the form of "an injunction of all illegally obtained" evidence.  He seeks monetary compensation for "wrecking" his home and killing his family pet during the illegal search, as well as for injuries sustained during the arrest.

## II.   LAW & ANALYSIS

### A. *Frivolity Review*

Plaintiff has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400

(5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. Section 1983

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. In order to hold a defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

In order to state a cause of action under Section 1983, the plaintiff must identify defendants who were either personally involved in a constitutional violation or whose acts were causally connected to the alleged constitutional violation. *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995).  Personal involvement is an essential element of a civil rights cause of action. *Thompson v. Steele*, 709 F. 2d 381, 382 (5th Cir. 1983).  Prison officials "cannot be automatically held liable for the errors of their subordinates." *Adames v. Perez*, 331 F.3d 508, 513 (5th Cir. 2003). Supervisory officials may be held liable only if: "(i) they affirmatively participate in the acts that cause constitutional deprivations; or (ii) [they] implement unconstitutional policies that causally result in plaintiff's injury." *Mouille v. City of Live Oak, Tex.*, 977 F. 2d 924, 929 (5th Cir. 1992).  Vicarious liability does not apply to Section 1983 claims.

*Pierce v. Tex. Dep't of Crim. Justice, Institutional Div.*, 37 F.3d 1146, 1150 (5th Cir. 1994).

### C. Parties

#### a. Kaplan Police Department

According to Rule 17(b) of the Federal Rules of Civil Procedure, Louisiana law governs whether defendants can be sued in this court. Under Louisiana law, an entity must qualify as a "juridical person," which is defined as "an entity to which the law attributes personality, such as a corporation or partnership." La. Civil Code art. 24. The Kaplan Police Department is not a juridical entity with the capacity to be sued. *See generally Cormier v. Lafayette City Parish Consol. Gov't,* 2011 WL 5156862 at *3 (W.D. La. Oct. 28, 2011) (holding that Lafayette Police Department and Lafayette City Prosecutor's Office lack capacity to be sued). Plaintiff should amend his complaint to demonstrate that the Kaplan Police Department is a proper defendant in this civil rights action or dismiss it from the suit.

#### b. Oris Doucet

Plaintiff alleges that his friend/associate Oris Doucet falsely accused him of possessing and selling drugs, which led to his arrest. Under Section 1983, a federal cause of action exists against any person who, acting under color of state law, deprives another of his constitutional rights. 42 U.S.C. § 1983; *see Will v. Michigan Dep't of State Police*, 491 U.S. 58, 60 & n.1 (1989). To state a claim under Section 1983, a plaintiff must indicate both the constitutional violation and that the responsible person was acting under color of state law. *See Flagg Bros., Inc. v.*

*Brooks*, 436 U.S. 149, 155-56 (1978); *Polk County v. Dodson*, 454 U.S. 312, 326 (1981). "[T]he under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" *Am. Mfrs. Mut. Ins., Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (emphasis added) (quoting *Shelley v. Kraemer*, 334 U.S. 1, 13 (1948)). In keeping with this rule, neither a private company nor a private individual is considered to act under color of law and is not a state actor to be held liable under Section 1983. *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005) ("Private individuals generally are not considered to act under color of law, i.e., are not considered state actors. . ."); *Pleasant v. Caraway*, 25 F.3d 1044, 1994 WL 261217 at *1 (5th Cir.) (Table, Text in Westlaw) (same).

It is well settled that "[a] private individual complainant in a criminal prosecution does not act under color of law." *Pleasant*, 1994 WL 261217 at *1 (citing *Grow v. Fisher*, 523 F.2d 875, 879 (7th Cir. 1975)); *see also Melton v. Dermota*, 1991 WL 147490 at *7 (4th Cir. Aug. 6, 1991); *Daniel v. Ferguson*, 839 F.2d 1124, 1130 (5th Cir. 1988); *Schwertz v. Millon*, 2009 WL 4757381 at *2 (E.D. La. Dec. 4, 2009); *Hoffman v. Ferguson*, 2009 WL 1606736 at *3 (W.D. Ark. Jun. 5, 2009); *Serbalik v. Gray,* 27 F. Supp.2d 127, 131-32 (N.D.N.Y. 1998); *Rodgers v. Lincoln Towing Service, Inc.*, 596 F. Supp. 13, 21 (N.D. Ill. 1984), aff'd, 771 F.2d 194 (7th Cir. 1985). Moreover, the fact that the police may have relied upon Doucet's allegations to charge Plaintiff with theft does not make him a state actor. *See Pleasant*, 1994 WL 261217 at *1 (citing *Hernandez v. Schwegmann Bros. Giant Supermarkets, Inc.*, 673

F.2d 771, 772 (5th Cir. 1982)); *see also Melton*, 1991 WL 147490 at *7; *Daniel*, 839 F.2d at 1130; *Schwertz*, 2009 WL 4757381, at *2.

Plaintiff should amend his complaint to demonstrate that Oris Doucet is a proper defendant in this civil rights action or dismiss him from the suit.

### c. *Judge Laurie Hulin*

"Judicial immunity is an immunity from suit and not just from the ultimate assessment of damages." *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005).  It "applies even when the judge is accused of acting maliciously and corruptly. . . ." *Pierson v. Ray*, 386 U.S. 547, 554 (1967).  Immunity "extends to all judicial acts which are not performed in the clear absence of all jurisdiction." *Kemp ex rel. Kemp v. Perkins*, 324 Fed. App'x. 409, 411 (5th Cir. 2009) (citing *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir. 1985)). There are only two exceptions: (1) non-judicial actions, i.e., actions not taken in the judge's judicial capacity; and (2) lawsuits challenging actions taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

Plaintiff's claims against Judge Hulin stem from the fact that she was the presiding judge in the criminal proceedings against him and, therefore, arise out of the performance of her judicial duties.  Judges have absolute immunity for acts done within the scope of their jurisdiction.  *Stump v. Sparkman*, 435 U.S. 349 (1978).  The Fifth Circuit has delineated three elements to identify acts as being judicial in nature, and thus not in the clear absence of all jurisdiction: "(1) normal judicial functions that (2) occurred in the judge's court or chambers and were (3)

centered around a case pending before the judge." *Eitel v. Holland*, 787 F.2d 995, 998 (5th Cir.1986).  These factors are construed liberally in favor of immunity. *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir. 1985).  As the claims against Judge Hulin meet the criteria set forth above, she is immune from suit and claims against her should be dismissed.

### d. Lt. Cates

Plaintiff also names Lt. Cates as a defendant. Plaintiff is hereby advised: "Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; and (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.,* 977 F.2d 924, 929 (5th Cir. 1992), cert. denied, 508 U.S. 951 (1993). "Vicarious liability does not apply to § 1983 claims." *Pierce v. Texas Dept. of Crim. Justice, Inst. Div.,* 37 F.3d 1146, 1150 (5th Cir.1994), *cert. denied,* 514 U.S. 1107 (1995). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir.), *cert. denied*, 464 U.S. 897 (1983).  In other words, to the extent Plaintiff seeks to name a supervisory official as a defendant, he must allege facts sufficient to demonstrate either personal involvement or the implementation of unconstitutional policies by Lt. Cates.

### D. Claims

### a. Excessive Force/Fourth Amendment Seizure

Plaintiff claims that as a result of excessive force used during his arrest, he was injured.  "When a plaintiff alleges excessive force during an investigation or

arrest, the federal right at issue is the Fourth Amendment right against unreasonable seizures." *Graham v. Connor*, 490 U.S. 386, 394, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989). To prevail on an excessive force claim, Plaintiff must show an injury that resulted directly and only from a clearly excessive use of force, and the excessiveness of which was clearly unreasonable. *Trammell v. Fruge*, 868 F.3d 332, 340 (5th Cir. 2017). Excessive force claims are "evaluated for objective reasonableness based on the information the officers had when the conduct occurred." *Saucier v. Katz*, 533 U.S. 194, 207, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001).

With respect to the claims that he was injured during the arrest, Plaintiff should amend to specify WHO used excessive force and WHAT were the circumstances surrounding the arrest and the force used.   He should also specify the exact injuries he sustained.

With respect to the claim that his dog was killed during the arrest, "[i]t is beyond dispute" that the killing of an individual's pet dog by an officer constitutes a "seizure" "within the meaning of the Fourth Amendment." *Grant v. City of Houston*, 625 Fed. App'x 670, 675 (5th Cir. 2015) (citing *San Jose Charter of Hells Angels Motorcycle Club v. City of San Jose*, 402 F.3d 962, 975 (9th Cir. 2005) ("'The killing of [a] dog is a destruction recognized as a seizure under the Fourth Amendment' and can constitute a cognizable claim under § 1983." (alteration in original) (quoting *Fuller v. Vines,* 36 F.3d 65, 68 (9th Cir. 1994), overruled on other grounds by *Robinson v. Solano Cty.*, 278 F.3d 1007, 1013 (9th Cir. 2002)).

In *Grant v. City of Houston, supra,* the Fifth Circuit provides guidance in evaluating these Fourth Amendment claims. The Fifth Circuit examines an officer's use of deadly force from

> the perspective "of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." We thus "allo[w] for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation."

*Grant*, 625 Fed. App'x at 677 (quoting *Plumhoff*, 572 U.S. 765 (2014) (alteration in original) (citation omitted) (quoting *Graham*, 490 U.S. at 396-97, 109 S. Ct. 1865)).

The factors considered in *Grant* included whether the officer had "advanced notice that a dog was present on the premises" or were otherwise surprised by the dog," whether the officer took "reasonable precautions" to deal with the dog, whether the officer had "exhausted all non-lethal options prior to using lethal force against the dog." *Id.* at 675-76 (relying on *Hells Angels*, 402 F.3d at 975-78). The Fifth Circuit has also looked at whether the dog was "aggressive," whether it was "retreating or fleeing from the officer" or "in fact running towards . . . the officer at the time the lethal shot was fired," and whether the dog had "aggressive tendencies" or was "aggressively barking prior to the shots being fired." *Id.* at 677. Still other factors include whether the officer was "imminently in danger of being bitten by [the dog] at the time [the officer] discharged his weapon" and whether the animal was shot from behind. *Id.* at 677-78. Again, the key question is reasonableness based on the totality of the circumstances. *Id.* at 675.

Considering all of this, "[i]t is objectively reasonable for an officer to shoot a dog that he reasonably believes poses a threat." *Romero v. Bexar Cty.,* 993 F. Supp. 2d 658, 662 (W.D. Tex. 2014) (citing *Altman v. City of High Point, N.C.*, 330 F.3d 194, 206 (4th Cir. 2003)).

Plaintiff has alleged no facts surrounding the shooting of his dog.  He should amend his complaint to allege facts to show that a constitutional right was violated.  He should also specify WHO shot the dog.

### b. *False Arrest*

Plaintiff contests the legality of his arrest, prosecution and imprisonment and seeks an injunction of all "illegally obtained" evidence.  (Rec. Doc. 1, p. 3).  Plaintiff also filed a Motion to Quash, (Rec. Doc. 11), concerning the evidence and/or the charges pending against him in the state court proceedings.

Plaintiff should amend to clarify whether there has been an adjudication of the state criminal charges that comprise the basis of this complaint.  If Plaintiff was ultimately convicted of the charges, he may not be entitled to seek damages for the wrongful arrest, imprisonment, and prosecution until such time as the conviction in question has been declared invalid.  In *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of writ of habeas corpus, 28 U.S.C. § 2254.

\*\*\*

> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. at 486-87.  *Heck* prohibits the use of Section 1983 complaints as a means of collaterally attacking outstanding state convictions.

On the other hand, if the criminal prosecution remains pending, *Heck* would not apply at this time. *See Wallace v. Kato*, 549 U.S. 384 (2007) (The *Heck* rule applies only when there has been a conviction or sentence that has not been invalidated, not to pending criminal charges.) However, federal courts have been authorized to stay civil rights claims attacking the legality of a detainee's arrest, prosecution, and detention until such time as the allegedly improper state prosecution has been concluded. *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) ("If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court ... to stay the civil action until the criminal case ... is ended.")

It is uncertain whether this case is governed by *Heck* or *Wallace*. Plaintiff should amend his complaint to provide information concerning the state charges and whether those specific charges are still pending.  He should provide a copy of the arrest report (if available) and any Bill of Information charging him with the

offenses for which he remains incarcerated.   He should provide, if available, court minutes to establish whether any probable cause determinations were made with respect to the arrest of which he complains.   If he does not have access to documentation, he should provide the Court with any information regarding a probable cause hearing following his arrest.   He should provide information concerning future court proceedings relative to the pending charges.

Finally, to the extent that Plaintiff asks this court to dismiss charges—whether pending or resolved—such relief is not available in a civil right action. Such relief may be available (if at all) in a habeas corpus action filed pursuant to 28 U.S.C. §§2241 or 2254 but only after Plaintiff has exhausted available state court remedies and only if he can demonstrate that his continued custody violates the Constitution or laws of the United States.

## III.
### CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff amend his complaint within forty (40) days of the filing of this order to cure the deficiencies as outlined above.

**IT IS FURTHER ORDERED** that any request for injunctive relief, including relief sought in the pending Motion to Quash, (Rec. Doc. 11), is **DENIED**, pursuant to the *Younger* abstention doctrine.  *See Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746 (1971).  Plaintiff requests that this Court enjoin the state criminal proceedings, which *Younger* forbids. *See Younger*, 91 S. Ct. at 749; *Ballard v.*

*Wilson*, 856 F.2d 1568, 1569-70 (5th Cir. 1988); *see also Price v. Porter*, 351 Fed. App'x 925, 927 (5th Cir. 2009) (per curiam) (unpublished).

**Failure to comply with this order may result in dismissal of this action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) or under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure.  Plaintiff is further required to notify the Court of any change in his address under Uniform Local Rule 41.3.**

THUS DONE AND SIGNED in Chambers this 22nd day of June, 2023.

David J. Ayo
United States Magistrate Judge

-13-